## U. S. COURT OF APPEALS
### No. 646
### BALTIMORE & O. R. CO. v. KAST
U. S. Circuit Court of Appeals, 6th Circuit
No. 3991. Decided June 6, 1924

265. COMMERCE—1. Temporary absence from work to go to lunch held not to break continuity of employment in "interstate commerce."

2. Machinist's helper, making running repairs on engine while in round house during runs, held employed in "interstate commerce."

751—MASTER AND SERVANT—Railroad's negligence as to employe using pathway between shop and round house, held for jury—Doctrine of res ipsa loquitur may be applicable in suit between employer and employe.

TRIALS—Excessive verdict, not of passion or prejudice, may be corrected by remititur.

MACK, C. J.          Epitomized Opinion

Kast was employed as a machinist's helper at a round house and shops of defendant at Garrett, Indiana. The machinist and plaintiff were making what were called road or running repairs to a passenger engine. This engine brought to Garrett an interstate passenger train and was then detached and the train sent forward with another engine. This engine was bulletined to go out some ten hours later, hauling another through interstate passenger train. It was usually and normally engaged in this passenger service, both before and after the accident to plaintiff.

Defendant's superintendent noted on the bulletin board certain light running repairs required to be made to the engine, with instructions that they be made to prepare the engine for a contemplated interstate trip. plaintiff was assisting in making these repairs. In so doing the machinist needed a section of iron pipe and instructed plaintiff to get it. Plaintiff started to another part of defendant's premises for the pipe, when the supper gong sounded.

According to his testimony he was still in pursuit of the pipe when the accident occurred. According to another view of the testimony he had suspended his errand and was going from the round house across on open space of defendant's premises to another building where the employes kept their lunches, when the accident occurred. In crossing an open area-way between the round house and another building he stepped upon a socket wrench, fell and was injured. There was a beaten path where the plaintiff was passing. The plaintiff's view was obstructed by steam escaping from tanks along the pathway. The jury returned a verdict in the sum of $25,000. A judgment was entered for $17,500. Error was prosecuted to the Court of Appeals. In affirming the judgment of the lower court, the Court of Appeals held:

1. A railroad employe, engaged in a work in interstate commerce, who had stopped work and was going after his lunch on the premises when injured, with the intent of returning immediately afterward to the same work, was employed in "interstate commerce" at the time of injury, within Employers' Liability Act, No. 1 (Compl. St. No. 8657).

2. A machinist ond his helper, who at the time of the helper's injury were engaged in making running repairs to an engine in use in interstate transportation, while it was laying off between runs at a round house, held employed in "interstate commerce," within Employers' Liability Act, No. 1 (Comp. St. No. 8657).

3. Where a shop employe was injured while passing along a way customarily used by employes between the machine shop and round house, within the inclosed grounds of defendant railroad company, by stepping on a socket wrench lying in the way, the question of defendant's negligence held properly submitted to the jury.

4. The doctrine of res ipsa loquitur may be applicable in a suit between employer and employe for negligent injury to the employe.

5. Where an excessive verdict may have been the result of misapprehension of evidence by the jury, and not of passion or prejudice, a remittur may be a proper correction.

Attorneys—J. P. Wood and W. T. Kinder, for Baltimore & O. Co.; Louis H. Winch, for Kast; all of Cleveland.